UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ALFREDO GONZALEZ**<br>    **LA. DOC #551885**<br>VS. | **CIVIL ACTION NO. 5:12-cv-2478**<br><br>**SECTION P**<br><br>**JUDGE S. MAURICE HICKS** |
| **WARDEN LYNN COOPER** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Pro se petitioner Alfredo Gonzalez, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2255 on September 14, 2012. Petitioner attacks his 2009 convictions for forcible rape and second degree kidnaping and the fifty year sentence imposed by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On April 3, 2009, petitioner entered into a plea agreement with the State and pled guilty to charges of forcible rape and second degree kidnaping. On the same date he was sentence to serve consecutive sentences of 40 and 10 years. [Doc. 1, p. 6] Petitioner did not appeal.

On October 26, 2010, he filed a *pro se* application for post-conviction relief seeking an out-of-time appeal. [Doc. 1, p. 7; Doc. 1-2, Exhibit C, pp. 27-44] His application was denied by the District Court on December 8, 2010. [Doc. 1, p. 7]

On February 21, 2011, petitioner filed a second application for post-conviction relief arguing three claims (1) the convictions violate due process by imposing multiple punishments

for the same act; (2) excessiveness of sentence; and (3) the court failed to provide a competent and qualified interpreter. [Doc. 1, p. 7; Doc. 1-2, Exhibit A, pp. 1-20]

On September 22, 2011, his application was denied by the District Court. [Doc. 1, pp. 7-8; Doc. 1-2, Exhibit B, pp. 21-26]

On October 18, 2011, petitioner applied for further collateral review in the Court of Appeals [Doc. 1-2, Exhibit D, pp. 45-63], and on December 14, 2011, the Second Circuit Court of Appeals denied writs. [Doc. 1, p. 8; *State v. Gonzalez*, No. 47,097-KH at Doc. 1-2, Exhibit E, pp. 64-66]

On January 5, 2012, petitioner filed a writ application in the Louisiana Supreme Court [Doc. 1-2, Exhibit F, pp. 67-86] and on August 22, 2012, the Supreme Court denied writs. [Doc. 1, p. 8; Doc. 1-2, Exhibit G, pp. 87-88] *See also State of Louisiana ex rel. Alfredo Gonzalez v. State of Louisiana*, 2012-0091 (La. 8/22/2012), 97 So.3d 361.

Petitioner filed the instant petition on September 14, 2012. He argues four claims for relief: (1) that the trial court erred when it denied his second application for post-conviction relief as repetitive; (2) double jeopardy; (3) excessiveness of sentence; and (4) failing to provide qualified interpreter. [Doc. 1]

## *Law and Analysis*

### *1. Limitations*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

2

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following April 3, 2009 (the date that petitioner pled guilty and was sentenced in accordance with the plea agreement)[2] or, on or about

---

[1] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of petitioner's claims was only recently discovered. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

[2] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is

May 4, 2009. Under § 2244(d)(1) petitioner had one year from that date, or until May 4, 2010, to file his federal *habeas* petition.

Petitioner cannot rely on the statutory tolling provision of §2244(d)(2) because he did not file his first collateral attack in the state courts until October 26, 2010 [Doc. 1-2, Exhibit C, pp. 27-44] and by that time the 1-year AEDPA limitations period had already expired. Neither that filing, nor any of his subsequent filings in the District Court, the Second Circuit Court of Appeals, or the Louisiana Supreme Court could toll the limitations period since all of these proceedings were filed <u>after</u> the AEDPA limitations period had already expired. As stated above, any lapse of time <u>before</u> the filing of his otherwise timely application for post-conviction relief must be counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Since a period of more than one un-tolled year elapsed between the date that petitioner's conviction became final and the date that his federal suit was filed, his federal *habeas corpus* claims are barred by the timeliness provisions codified at 28 U.S.C. §2244(d).

**2. Equitable Tolling**

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As recently noted by the Supreme Court, "To be entitled to

---

taken."

equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is <u>actively misled by the defendant</u> about the cause of action <u>or is prevented in some extraordinary way from asserting his rights</u>." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

5

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, January 24, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE